Filed 5/1/13  P. v. Millan CA4/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>        v.<br><br>MIGUEL A. MILLAN,<br><br>        Defendant and Appellant. | D062562<br><br><br>(Super. Ct. Nos. SCN268130,<br>SCN233183 & SCN264484) |

APPEAL from a judgment of the Superior Court of San Diego County, K. Michael Kirkman, Judge.  Affirmed.


In 2009, the court placed Miguel A. Millan on three years' probation for burglary (Pen. Code, § 459; case No. SCN233183) and receiving stolen property (*Id.*, § 496, subd. (a); case No. SCN264484).  In 2010, the court placed him on three years' probation for first degree burglary (*Id.*, §§ 459 & 460; case No. SCN268130).  In June 2012, the court summarily revoked probation in all three cases.  In July, the court reinstated probation for three years and suspended execution of a four-year prison sentence:  the four-year middle

term in No. SCN268130 and concurrent two-year middle term sentences in each of the other two cases. Millan appeals.

BACKGROUND

On April 6, 2012, sheriff's deputies stopped a car Millan was driving. Law enforcement officers conducted a probation search at a residence and, on a dresser in a bedroom, found a methamphetamine pipe containing .02 grams of methamphetamine. Also in the bedroom were photographs, documents and a passport, all belonging to Millan. The officers arrested Millan for possessing a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and possessing drug paraphernalia (*Id.*, § 11364).

DISCUSSION

Appointed appellate counsel has filed a brief summarizing the facts and proceedings below. Counsel presents no argument for reversal, but asks this court to review the record for error as mandated by *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*). Pursuant to *Anders v. California* (1967) 386 U.S. 738 (*Anders*) counsel mentions as possible, but not arguable, issues: (1) whether there was sufficient evidence to support the summary revocation of probation; (2) whether counsel's stipulation regarding laboratory test results fell under Proposition 115, if the stipulation was used as a basis for the probation revocation evidentiary hearing; (3) whether the court committed prejudicial error in admitting evidence of methamphetamine found in the passenger's purse; and (4) whether 0.2 grams of methamphetamine is enough to meet the standard for revocation of probation, when Drug Enforcement Administration guidelines state that a usable amount is 0.05 grams.

2

We granted Millan permission to file a brief on his own behalf.  He has not responded.  A review of the record pursuant to *Wende* and *Anders*, including the possible issues listed pursuant to *Anders*, has disclosed no reasonably arguable appellate issues. Millan has been competently represented by counsel on this appeal.

## DISPOSITION

The judgment is affirmed.

McCONNELL, P. J.

WE CONCUR:


HALLER, J.


IRION, J.